UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KANEKA MARIE D. MURRAY,<br><br>    Plaintiff,<br><br>  v.<br><br>KING COUNTY,<br><br>    Defendant. | CASE NO. 2:25-cv-00600-RSL<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

  This matter comes before the Court on plaintiffs' "Application for Court-Appointed Counsel." Dkt. # 5.

  Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

*Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). In addition, the party seeking appointment of counsel must show indigency. 29 U.S.C. § 1915(e)(1).

ORDER DENYING MOTION FOR APPOINTMENT OF
COUNSEL - 1

Plaintiff has been granted leave to proceed *in forma pauperis*, and indigency will therefore be presumed. Nevertheless, the Court finds that appointment of counsel is not warranted here. Plaintiff's claims of disability discrimination/failure to accommodate have been rejected by both the Washington State Human Rights Commission and the Equal Employment Opportunity Commission. While there is certainly the possibility of success on the merits, the adverse agency determinations suggest otherwise. With regards to plaintiff's ability to articulate her claims, the facts are not particularly complex, and plaintiff appears to have an understanding of the relevant legal issues sufficient to pursue agency and judicial relief.

Plaintiff has not shown the sort of exceptional circumstances that justify appointment of counsel at the public's expense. The motion for appointment of counsel is therefore DENIED.

Dated this 29th day of April, 2025.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL - 2