UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KANEKA MARIE D. MURRAY,<br><br>               Plaintiff,<br>    v.<br><br>KING COUNTY,<br><br>               Defendant. | CASE NO. 2:25-cv-00600-RSL<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on "Defendant King County's Motion to Dismiss Pursuant to Rules 12(b)(5) and 12(b)(6)." Dkt. # 11.[1] Plaintiff alleges that she suffered disability-based discrimination while employed in King County's Department of Public Defense and that her employer failed to engage in the interactive process necessary to find a reasonable accommodation for her disability. Plaintiff asserts claims under the

---

[1] Defendant has withdrawn is request for dismissal based on insufficient service of process under Fed. R. Civ. P. 12(b)(5).

This matter can be decided on the memoranda, declaration, and exhibits submitted. The Court has considered plaintiff's untimely response memorandum, but plaintiff is warned that compliance with case management deadlines and briefing schedules (*see* LCR 7(d)) is required. Future untimely submissions may be disregarded.

Plaintiff's request for oral argument is DENIED.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 1

Americans with Disabilities Act of 1990, alleging that defendant failed to hire her, terminated her employment, failed to accommodate her disability, subjected her to unequal terms and conditions in employment, and retaliated against her based on her disability. Defendant seeks dismissal of the accommodation, termination, and unequal conditions claims under Rule 12(b)(6).

## BACKGROUND

Plaintiff alleges that in November 2021 she informed her employer that she had a medical condition that required pre-surgery accommodations and a disabling mental health condition that is triggered or exacerbated by workplace conditions. Plaintiff was permitted to work from home until her surgery in mid-January 2022, but the workplace triggers that were impacting her mental health continued to adversely affect her. She postponed the surgery, and when King County offices opened again in March 2022, defendant required her to return to the office. Plaintiff again sought reasonable accommodations and alleges that defendant delayed in initiating the interactive process until May 2022, causing her additional stress and panic attacks. She ultimately decided not to have the surgery and filed a disability discrimination charge with the Washington State Human Rights Commission ("WSHRC") in September 2022. Plaintiff alleges that King County terminated her employment in November 2022 without making a good faith effort to find a reasonable accommodation for her disability and without substantiating its assertion of undue hardship. Plaintiff updated her WSHRC charge to include a claim of unlawful termination.

Plaintiff alleges that defendant's discriminatory conduct has continued post-termination. Plaintiff alleges that she was enrolled in King County's Medical Reassignment program on September 24, 2024, for a six-month period, during which she was referred for three positions. Plaintiff maintains that all three of the referred positions were at grades lower than her original position, that the hiring authorities determined she did not meet the minimum qualifications for two of the positions, and that King County improperly disclosed confidential and protected information from plaintiff's Disability Service file to the hiring authorities, sabotaging her chances of being reassigned.

WSHRC issued notice of its decision and right to sue in January 2025. Plaintiff initiated a review process with WSHRC and the Equal Employment Opportunity Commission ("EEOC"). The EEOC closed its investigation and issued a Notice of Right to Sue on or about March 10, 2025. Plaintiff filed this lawsuit on March 31, 2025, identifying her mental health conditions as post-traumatic stress disorder ("PTSD") and anxiety.

## DISCUSSION

**A.   Rule 12(b)(6) Standard**

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In the context of a motion under Rule 12(b)(6), the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). The Court's review is generally limited

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 3

to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). "We are not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." []*Twombly*, 550 U.S. [at 570]. A plausible claim includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *U.S. v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the pleading standards of Rule 8(a)(2), a party must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). . . . A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

**B.     Disability Discrimination: Accommodation and Termination Claims**

"To state a claim for disability discrimination under the ADA, a plaintiff must plausibly allege that she: (1) is a disabled person within the meaning of the ADA; (2) is

qualified, with or without reasonable accommodation, to perform the essential functions of the job; and (3) suffered an adverse employment action because of her disability." *Ting v. Adams & Assocs., Inc.*, 823 F. App'x 519, 522 (9th Cir. 2020) (citing *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 271 (9th Cir. 1996), and 42 U.S.C. § 12112).

> [O]nce an employee requests an accommodation . . . , the employer must engage in an interactive process with the employee to determine the appropriate reasonable accommodation. . . . An employee is not required to use any particular language when requesting an accommodation but need only "inform the employer of the need for an adjustment due to a medical condition." [*Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1114 n.5 (9th Cir. 2000) (en banc), *vacated on other grounds*, *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002)]. The interactive process requires: (1) direct communication between the employer and employee to explore in good faith the possible accommodations; (2) consideration of the employee's request; and (3) offering an accommodation that is reasonable and effective. *Id*. at 1114–15. "Liability for failure to provide reasonable accommodations ensues only where the employer bears responsibility for the breakdown" in the interactive process. *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1137 (7th Cir. 1996). An "employer is not obligated to provide an employee the accommodation he requests or prefers, the employer need only provide some reasonable accommodation." *E.E.O.C. v. Yellow Freight Sys. Inc.*, 253 F.3d 943, 951 (7th Cir. 2001) (*en banc*) (citation and internal quotation marks omitted); *see also Barnett*, 228 F.3d at 1115 (requiring the selected accommodation to be reasonable and effective).

*Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002) (internal footnote omitted). "[T]he ADA treats the failure to provide a reasonable accommodation as an act of discrimination if the employee is a 'qualified individual,' the employer receives adequate notice, and a reasonable accommodation is available that would not place an undue hardship on the operation of the employer's business." *Snapp v. United Transp. Union*, 889 F.3d 1088, 1095 (9th Cir. 2018).

Plaintiff alleges that, after the temporary accommodation allowing her to work from home expired, she "again requested that the reasonable accommodation process be initiated." Dkt. # 4 at 7.[2] She alleges that (a) her employer did not begin the interactive process until May 2022, (b) it did not participate in the interactive process in good faith, and (c) it rejected a requested accommodation without substantiating its claim of undue hardship. Dkt. # 4 at 7-8. These allegations merely track the elements and language of a failure to accommodate claim. What is missing is an allegation that a reasonable accommodation existed or any facts supporting such an inference. Merely alleging that defendant failed to engage in the interactive process is not sufficient to state a claim under the ADA. Although "[t]he interactive process is at the heart of the ADA's process and essential to accomplishing its goals," "there exists no stand-alone claim for failing to engage in the interactive process. Rather, discrimination results from denying an available and reasonable accommodation." *Snapp*, 889 F.3d at 1095, 1097 (citation omitted).

Plaintiff's complaint does not specifically identify a reasonable accommodation that would have allowed her to perform the essential duties of her job or another vacant position. While such specifics are not always necessary,[3] the allegations of this complaint

---

[2] The charge filed with WSHRC, which plaintiff attached to her complaint, states that defendant rescinded the remote work accommodation on March 28, 2022, and that the parties were engaged in the interactive process between April and October 2022. Dkt. # 4 at 12.

[3] In some circumstances, an employer's refusal to take part in the interactive process deprives the employee of information regarding the range of positions available at a given time and the essential functions of each, such that it would be unfair to require plaintiff to speculate regarding an accommodation that would have come to light had the interactive process occurred. *See Gavina v. Amazon.com Servs. LLC*, No. 5:24-CV-00674-HDV-SHK, 2024 WL 5415171, at *5 (C.D. Cal. Dec. 4, 2024) (discussing state law claim of disability discrimination). In other cases, however, the plaintiff has sufficient information regarding her own position and limitations/needs that courts find an allegation that some reasonable accommodation existed that would allow plaintiff to perform the essential duties of her position necessary to raise an inference that she was qualified for the job. *See Memmer v. Marin Cnty. Cts.*, 169

give rise to a plausible inference that a reasonable accommodation did not exist and that plaintiff was therefore not qualified for the position. Plaintiff alleges that she requested accommodation when her work-from-home authorization was rescinded, but that remote work had been insufficient to avoid "the work-related triggers that were impacting [her] mental health condition." Dkt. # 4 at 7. A fair reading of these allegations does not rule out the possibility that a reasonable accommodation might have been found, but the inference is not plausible where the only accommodation mentioned in the complaint had already proved ineffective.

In her opposition memorandum, plaintiff suggests that she could have performed the essential duties of her position if she had been permitted to change the location of her desk within the office. Dkt. # 24 at 4-5.[4] These allegations are not in the current complaint, however, and cannot remedy the insufficiency of the existing allegations. As discussed below, plaintiff may be able to amend her complaint to allege additional facts giving rise to a plausible inference that she was qualified, with reasonable accommodation, to perform her job.

---

F.3d 630, 633 (9th Cir. 1999); *Fox v. MHM Health Pros. LLC*, No. CV-23-00190-PHX-DWL, 2024 WL 4364133, at *19–20 (D. Ariz. Sept. 30, 2024); *Mahone v. McCarthy*, No. C14-5812 BHS, 2015 WL 5568993, at *2 (W.D. Wash. Sept. 22, 2015).

[4] Similarly, plaintiff attempted to amend her complaint to allege that she had requested "to work within the secure area of the office (separated by a glass wall), where [she] could not only see but quickly respond to any traffic that may come into the unsecured reception area. There was already an unassigned unoccupied desk set up less than 15 feet from [her] assigned workstation but on the side of the glass that was secure and required card key for entry." Dkt. # 14 at ¶ 23. That document was stricken, however, because it asserted new and futile claims under Title VII and the Age Discrimination in Employment Act.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 7

C.   **Disparate Treatment: Unequal Terms and Conditions Claim**

In order to show that she was subjected to unequal or different terms and conditions of employment, plaintiff must allege that similarly situated employees outside her protected class were treated more favorably. *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1123 (9th Cir. 2000) (regarding disparate treatment under Title VII); *Moore v. McCarthy*, 2020 WL 836839, at *5 (W.D. Wash. Feb. 20, 2020) (referring to the *Chuang* elements to determine whether disparate treatment was sufficiently pled under the ADA). Plaintiff has not alleged that a non-disabled employee performing the same or similar work was granted leave to work from home during the relevant time frame. If disability discrimination occurred in this case, plaintiff will have to prove it through her failure to accommodate claim rather than a disparate treatment claim.

**D. Leave to Amend**

Although three of plaintiff's claims will be dismissed pursuant to this Order, defendant did not seek dismissal of plaintiff's failure to hire or retaliation claims. Because this litigation continues, leave to amend will not be blindly granted. If plaintiff believes she can, consistent with her Rule 11 obligations, amend the complaint to allege facts giving rise to a plausible inference that an accommodation existed that would have allowed her to perform her job functions, she may file a motion to amend and attach a proposed pleading for the Court's consideration, following the procedure set forth in LCR 15.

For all of the foregoing reasons, defendant's motion to dismiss (Dkt. # 11) is GRANTED. Plaintiff's accommodation, termination, and unequal terms and conditions claims are DISMISSED.

Dated this 29th day of July, 2025.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge